✥AO 245D (Rev. 3/01) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __ILLINOIS__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of ~~Probation or~~ Supervised Release) |
| MICHAEL MOORE | (For Offenses Committed On or After November 1, 1987) |

**DOCKETED**
JAN 2 6 2004

Case Number: 00 CR 1032-1

Angela Milella
Defendant's Attorney

**THE DEFENDANT:**

X    admitted guilt to violation of condition(s) __ONE (1) - SIX (6)__ of the term of supervision.

☐    was found in violation of condition(s) _____ after denial of guilt.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Failure to report to the probation officer and submit truthful written reports within first five days of each month | 06/2003 |
| 2 | Failure to work regularly at a lawful occupation | 06/2003 |
| 3 | Offender used an unlawful controlled substance | 11/21/2003 |
| 4 | Failure to participate in a drug aftercare program as directed | 11/2003 |
| 5 | Failure to participate in a mental health program as directed | 07/29/2003 |
| 6 | Failure to participate in a program for GED completion | |

The defendant is sentenced as provided in pages 2 through __2__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 15, 2004
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Wayne R. Andersen, U.S. District Judge
Name and Title of Judicial Officer

JANUARY 16, 2004
Date

10

DEFENDANT: MOORE, MICHAEL A.
CASE NUMBER: 00 CR 1032-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __TWELVE (12) MONTHS__ .

X  The court makes the following recommendations to the Bureau of Prisons:
The defendant is required to obtain his G.E.D. while in custody.

☐  The defendant is remanded to the custody of the United States Marshal.

X  The defendant shall surrender to the United States Marshal for this district:

    X  at _____12_____ ☐ a.m. X p.m. on _____January 20, 2004_____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 3/01) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __ILLINOIS__

UNITED STATES OF AMERICA
V.
MICHAEL A. MOORE

JUDGMENT IN A CRIMINAL CASE
(For Revocation ~~XXXXXXXXX~~ or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: 00 CR 1032-1

__Angela Milella__
Defendant's Attorney

## THE DEFENDANT:

☒ admitted guilt to violation of condition(s) ONE - FOUR of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The offender was arrested for another federal, state, or local crime | 1/31/2003 |
| 2 | The offender failed to inform the Probation Department within 72 hours of contact with Police | 1/31/2003 |
| 3 | The offender failed to submit a complete and truthful report to the Probation Office | 08/2002 |
| 4 | Mr. Moore has failed to complete Drug Aftercare Treatment | 03/06/2003 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

__April 14, 2003__
Date of Imposition of Judgment

_Signature of Judicial Officer_

__Wayne R. Andersen, U.S. District Judge__
Name and Title of Judicial Officer

__May 2, 2003__
Date

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: MAY 05 2003

AO 245D (Rev. 3/01) Judgment in a Criminal for Revocations
Sheet 2— Imprisonment

Judgment—Page 2 of 3

DEFENDANT: MOORE, MICHAEL A.
CASE NUMBER: 00 CR 1032-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __ONE (1) MONTH__.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2 p.m. on __April 28, 2003__.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

                                               UNITED STATES MARSHAL

                                 By _____

                                                DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 3/01) Judgment in a Criminal ... for Revocations
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: MOORE, MICHAEL A.
CASE NUMBER: 00 CR 1032-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   FOUR (4) YEARS
**Supervised release has been extended for one (1) year. The defendant shall mandatorily participate in and complete courses to receive his G.E.D. The defendant shall mandatorily participate in mental health and counselling as well as drug treatment. Supervised release will be revoked beginning 4/28/2003.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 1 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay an such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedu of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant sl also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five day of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or othe acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicte of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforceme officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without t permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confir the defendant's compliance with such notification requirement.

# U.S. District Court (BBC)
## WESTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MOORE, MICHAEL A. | Case Number: 96-CR-77-C-02 |
| | Morris Berman |
| | Defendant's Attorney |

THE DEFENDANT pleaded guilty to count I.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21, U.S.C. 846 | Conspiracy to Distribute Cocaine Base, a Class C felony September 1996, to on or about October 18, 1996 | | I |

DOCKET NUMBER 10-9
U.S. DISTRICT COURT
WEST. [illegible]

MAY 1 2 1997

[illegible stamp]
CASE NUMBER

Defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 9, 1997
Date of Imposition of Judgment

*Barbara B. Crabb*
Barbara B. Crabb
District Judge

May 9, 1997
Date Signed

E COPY, Certified
3 1997

W. Shapniewitz, Clerk
istrict Court
1 District of Wisconsin

/s/ Barkup
Deputy Clerk

01/16/2004 10:57 FAX                                                                                        ☒009
Case: 1:00-cr-01032 Document #: 10 Filed: 01/15/04 Page 7 of 11 PageID #:27
AO245 B (Rev. 3/95) Sheet 2 - Imprisonment                                              Judgment: page 2 of 7

DEFENDANT: MOORE, MI_L A.
CASE NUMBER: 96-CR-77-C-02

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons for a term of 55 months.

The court makes the following recommendations to the Bureau of Prisons:

It is recommended that defendant be afforded the opportunity to participate in substance abuse treatment and mental health counseling during his term of imprisonment and that he serve the last four months of his term of confinement at a community corrections center with work release privileges.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on __6-12-97__ to __FCI Milan__
at __Milan, MI__, with a certified copy of this judgment.

_Warden Pontesso_
UNITED STATES MARSHAL

By _M. McClia_
DEPUTY MARSHAL

DEFENDANT: MOORE, MILA A.
CASE NUMBER: 96-CR-77-C-02

## SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of three years.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. s. 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on next page).

Defendant shall also comply with the following special conditions:

(1) Register with local law enforcement authorities, including the state attorney general, as directed by the supervising U.S. probation officer;

(2) Provide financial information, as directed by the supervising U.S. probation officer;

(3) Abstain from any use of alcohol and from illegal drug use and sales and from association with drug users and sellers, and participate in a program of testing and drug counseling and urine surveillance as directed by the supervising U.S. probation officer;

(4) Allow searches by the supervising U.S. probation officer of any residence or property under defendant's control where there is reason to believe he is in possession of narcotics, stolen materials, firearms or other contraband and allow confiscation of the contraband materials; and

(5) Participate in community mental health counseling as directed by the supervising U.S. probation officer.

01/16/2004 10:57 FAX    US PROBATION
Case: 1:00-cr-01032 Document #: 16 Filed: 01/15/04 Page 9 of 11 PageID #:29    ☒011
AO245 E (Rev. 3/85) Standard Conditions of Supervis'l
Judgment: page 4 of 7

DEFENDANT: MOORE, M____L A.

CASE NUMBER: 96-CR-77-C-02

## STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not commit another federal, state, or local crime.

2) Defendant shall not leave the judicial district without the permission of the court or probation officer;

3) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) Defendant shall support his or her dependants and meet other family responsibilities;

6) Defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons;

7) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;

9) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

01/16/2004 10:57 FAX   US PROBATION
Case: 1:00-cr-01032 Document #: 10 Filed: 01/15/04 Page 10 of 11 PageID #:30   ⌀012
AO245 R (Rev. 3/95) Sheet 5, Part A - Criminal Monet v Penalties                          Judgment: page 5 of 7

DEFENDANT: MOORE, M L. A.
CASE NUMBER: 96-CR-77-C-02

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set below.

|   | Assessment | Fine | Restitution |
|---|---|---|---|
| I | 100.00 | 0.00 | 0.00 |
| **Totals:** | $100.00 | $0.00 | $0.00 |

The above fine includes any costs of incarceration and/or supervision.

_Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994._

01/16/2004 10:57 FAX
Case: 1:00-cr-01032 Document #: 10 Filed: 01/15/04 Page 11 of 11 PageID #:31
☒013
AO 245 B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties
Judgment: page 6 of 7

DEFENDANT: MOORE, MI___L A.
CASE NUMBER: 96-CR-77-C-02

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) Assessment; (2) Restitution; (3) Fine principal;
(4) Cost of Prosecution; (5) Interest; (6) Penalties.

The total fine and other monetary penalties shall be due in full immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.